a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STEPHEN ALLEN LUKENS #739828,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-02072<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| STATE OF LOUISIANA,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Stephen Allen Lukens ("Lukens"). Lukens is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. Lukens challenges his conviction and sentence imposed in the Ninth Judicial District Court, Natchitoches Parish.

Because Lukens Petition is untimely, it should be DENIED and DISMISSED with prejudice.

## I. Background

Lukens was charged by bill of information with the attempted second-degree murder of his wife and one count of obstruction of justice. *State v. Lukens*, 2019 WL 4849183, at *1 (La.App. 3 Cir. 2019). Lukens waived his right to a jury trial, and the judge found him guilty on both counts. He was sentenced to a total of 20 years of imprisonment. *Id.*

1

Lukens filed a Motion to Reconsider Sentence alleging that his "sentences are excessive in light of the facts and circumstances in the instant matter." *Id.* The trial court denied the motion. *Id.*

Lukens then appealed arguing that 20 years was excessive given his age, lack of criminal history, and mental health issues. *Id.* at *2. He also claimed that the trial court failed to consider mitigating factors under state law. *Id.* Lukens conviction and sentence were affirmed on October 2, 2019. *Id.* Lukens did not timely seek review of the court of appeal's ruling. ECF No. 1 at 2.

On January 15, 2020, Lukens filed a writ application in the Louisiana Supreme Court. ECF No. 1-2 at 12. The writ application was not considered because Lukens did not demonstrate that he sought review in the court below or that any extraordinary circumstance would justify bypassing that level of review. *State v. Lukens*, 2020-00104 (La. 7/17/20); 298 So.3d 175.

In his § 2254 Petition, Lukens alleges that he was arrested without a proper warrant; he was unlawfully detained and questioned; his residence was unlawfully searched; he was denied a preliminary examination; and he was not indicted by a grand jury. ECF No. 1.

II. <u>Law and Analysis</u>

    A. <u>Lukens's Petition (ECF No. 1) is subject to screening under Rule 4 of the Rules Governing § 2254 Cases.</u>

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in

the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

### B.    Lukens's Petition is untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Because he did not timely or properly seek review in the Louisiana Supreme Court,[1] Lukens's conviction became final when the time for seeking such review expired. Thus, the limitations period commenced on November 1, 2019, 30 days after his conviction and sentence were affirmed by the Louisiana Third Circuit Court of Appeal. *See* 28 U.S.C. § 2244(d)(1)(A); La. Sup. Ct. R. 10. Lukens had one year from

---

[1] Lukens's subsequent writ application was not properly filed or considered by the Louisiana Supreme Court, so it does not affect the limitations period. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (petitioner's "time for seeking further review of his state conviction expired when he did not, within thirty days of the Louisiana Court of Appeal's . . . decision, challenge that decision in the state Supreme Court"). Once the expiration of the time for seeking review of a state conviction has occurred, § 2244(d)(1)(A) starts the one-year period for filing a § 2254 petition. Butler, 533 F.3d 314, 317 (5th Cir. 2008); see also Thomas v. Goodwin, 786 F.3d 395 (5th Cir. 2015).
Brandon v. Warden, 5:19-CV-636, 2019 WL 7938534, at *2 (W.D. La. June 14, 2019), report and recommendation adopted, 5:19-CV-636, 2020 WL 755081 (W.D. La. Feb. 13, 2020), certificate of appealability denied sub nom. Brandon v. Vannoy, 20-30174, 2021 WL 1055189 (5th Cir. Feb. 3, 2021)

that date within which to file a § 2254 Petition.[2] Because Lukens's § 2254 Petition was not filed until July 16, 2021, it is prescribed.

### C. Lukens is not entitled to equitable tolling.

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so in this case. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).

A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To be entitled to equitable tolling, a petitioner must show diligent pursuit of rights, and some extraordinary circumstance prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)).

Lukens does not allege that he was misled by the Defendant or otherwise prevented from timely filing his Petition.

---

[2] The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *See Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). Lukens states that he did not file an application for post-conviction relief. ECF No. 1 at 3. Therefore, statutory tolling is inapplicable.

### III. Conclusion

Because Lukens's § 2254 Petition is untimely, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Tuesday, November 16, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE